Peckham, J.
 

 This case originated in a Justice’s Court, where the plaintiff recovered ninety-five dollars damages and five dollars costs. The defendant appealed to the County Court, and stated in his grounds of appeal, among other things, that the
 
 “
 
 judgment should have been more favorable to him, in this particular, to wit; that said judgment should not have been for more than twenty-five dollars damages besides costs.”
 

 The plaintiff recovered in the County Court only forty-nine dollars damages. Each party claimed costs, and the court awarded them to plaintiff. On appeal, this order was affirmed in the Supreme Court, and that court without any opinion for its decision certifies this to be a proper case for review here. If it be a case of difficulty, it would seem eminently proper for that court to have given an opinion that we might the plainer see the grounds of their action, and the gravity of the point.
 

 To certify to its gravity, and yet to pass it over without the consideration of a written opinion, does not seem to be entirely in harmony;
 

 As to the merits, the Code provides, that “ costs shall be allowed to the prevailing party in judgments rendered on appeal in all cases, with the following exceptions and limitations ; In the notice of appeal, the appellant shall state in what particular or particulars he claims the judgment should have been more favorable to him. If he claims that the amount of judgment is less favorable to him than it should have been, he shall state what should have been its amount. Within fifteen days after the service of the notice of appeal, the respondent may serve upon the appellant and justice an offer, in writing, to allow the judgment to be corrected in any of the particulars mentioned in the notice of appéál.”
 
 *102
 
 The appellant may serve a notice of acceptance in five days thereafter on the jústice, who shall make a minute thereof in his docket, and correct such judgment accordingly. (Code, § 371.)
 

 If the appellant fail to make such specification, he shall recover no costs unless he wholly reverse the judgment appealed from. (Code, § 371.)
 

 Did the notice comply with this provision of the Code, and specify the “particular or particulars ” of error; and did he specify what should have been the amount of the judgment ?
 

 The purpose of this act is very plain. It designed to require the appellant to state the points in which he claimed the judgment was wrong; and if for too much, then for how much it should have been; so that the respondent, if he chose, might offer to correct the judgment in such respect. Ho precise form of words is required for the purpose. Any words that convey the idea are enough. Liberality in their construction, to attain the purpose, should always be indulged, especially in a justice’s court proceeding.
 

 It may also be observed that this notice is not a confession of judgment. It is not to be so full and specific as that paper should be. It is a notice to the other party of the error complained of in the amount of the judgment. He may then ' offer to correct it, and then the other party assents or dissents. If the appellant fails to file his assent to that of the respondent, then the whole goes for nothing. There is, under •such a provision, scarcely a possibility of any error in the particulars to the prejudice of any one. How, as to this notice, appellant says one particular is, that the said judgment should not have been for more than twenty-five dollars damages.
 

 Can any plain man fail to understand what this means? That it means the judgment is for too much. That it should be only for twenty-five dollars. And, in technical language, in view of that statute, as to which respondent knew the appellant was speaking, as it complained only of the surplus,
 
 *103
 
 it admitted the twenty-five dollars. By plain implication, it admitted and stated “what should have been its amount,” viz.: Twenty-five dollars.
 

 No plain man can fail to see that he meant just that; that he conveyed that idea. Had he stated it in the plainest language, any linguist could have used, it would have made no difference in the rights of the respondent as to correcting the judgment. If the appellant had thought proper, he might afterward have refused his assent to the respondent’s acceptance, and then the offer is inoperative.
 

 Nothing was lost or gained by the appellant’s stating a large or a small sum in his notice, or by using this form of expression instead of the precise words proposed by the respondent.
 

 We are all of opinion that the notice was sufficient in that' respect, and that the appellant was entitled to costs of the appeal, the judgment then having been made more favorable to him by “ at least ten dollars.”
 

 Then is this an appealable order
 
 %
 

 The Code declares that this court shall have exclusive jurisdiction to review, upon appeal, certain orders and judgments of the Supreme and certain other courts in the following cases and
 
 no others:
 

 1st. “In a judgment in an action
 
 commenced therein or brought therefrom another
 
 court, and upon the appeal from such judgment to review any intermediate order involving the merits,” etc.; and providing, in subdivision 4. “ In an order affecting a substantial right,” etc., which it is claimed includes the ease at bar.
 

 The difficulty is, it is not an order “ in an action
 
 commenced
 
 in the Supreme Court, or brought there from another court.”
 

 This action was neither commenced in the Supreme Court nor brought there from another court. It has never been in the Supreme Court. In such case, both by the language and intent of the act, no appeal lies from a mere order in an action in a lower court, though made by the Supreme Court upon a mere appeal from the order. Any other construction
 
 *104
 
 would allow an appeal directly to this court, from a county or other lower court. Appeal should he dismissed without costs. All concur.
 

 Appeal dismissed.