# SUPREME COURT.

## CHARLES E. BIXBY, respondent, agt. JAMES WARDEN, appellant.

The first subdivision of section 371 of the Code applies to *all cases of appeal* from a judgment of a justice's court where a *new trial* is to be had, and is not limited to cases depending upon questions of *law only*.

Where under this section one good ground is stated in the notice of appeal, to wit: "That the judgment should have been more favorable to the defendant in this, to wit: it should not have been for a larger amount than ten dollars," it is sufficient to govern the *costs* on the appeal.

Where the plaintiff in an action of trover before the justice recovered against the defendant the sum of $100, and on the defendant's appeal for and a new trial had in the county court the plaintiff recovered $83.88, *held*, that the defendant was entitled to the costs of appeal to the county court and the costs of appeal to this court.

*Third Department, General Term, Albany, March, 1873. Before POTTER and DANIELS, JJ.*

THIS case comes before us upon a reargument allowed by the court upon motion made for that purpose at a former term.

The case is an appeal from an order of the county court of Cortland county, denying a motion made by the defendant therein to strike out the costs in the case allowed to the plaintiff by the clerk on an adjustment, and to allow costs of the appeal from the justice's court to the county court to the defendant.

The motion was denied by the county court and an appeal taken to this court in the sixth district, where the order of the county court was affirmed. A motion was then made to the court in this department for a reargument of the case, which motion was granted, and the case is now before us upon the

reargument upon the merits. The action in the justice's court was trover for a horse and a recovery by the plaintiff for $100. The notice of appeal from the justice is as follows: "The judgment should have been more favorable to the defendant, to wit: it should not have been for a larger amount than ten dollars. It should have been for the defendant and for his costs. It was too large a judgment. This appeal is brought for a new trial in the county court."

On the trial in the county court the plaintiff recovered $83.88. The plaintiff made no offer to correct the judgment.

O. PORTER, *for plaintiff*, *respondent*.
H. BALLARD, *for defendant*, *appellant*.

PLATT POTTER, *J.*—The recovery below in the justice's court exceeded fifty dollars. The appeal, as was specified in the notice, was for a new trial, and the case was tried in the county court upon the issues joined before the justice by a jury. Both parties tried it as a trial upon an issue of fact, and the only question in the case is which party is entitled to costs in the action. Besides the matters set forth in the notice above, it was also stated "that the verdict is against evidence," and also "that the verdict is against the law of the case." These two grounds have no influence upon the question of costs under section 371 of the Code. They require not that the judgment rendered be reduced, but for a different judgment. They do not specify in particular that the judgment in question should be more favorable to the appellant. Except for the other ground specified in the notice, the provisions of section 371 would not apply to the case. Such notice may be sufficient under the provisions of section 353 to give the county court jurisdiction of the case, but the defendant under them would only recover costs in the contingency of having judgment entirely in his favor in the county court.

This case, as it is now before us, must depend upon the sufficiency of that portion of the notice which states " the

judgment should have been more favorable to the defendant in this, to wit: it should not have been for a larger amount than ten dollars." It is in this *particular*, viz., the *amount* of the judgment, which the defendant claims should be more favorable. to him.

This question is no longer to be regarded by this court as an unsettled question. The case of *Younghanse* v. *Fingar*, which has the views of the court of appeals upon it, and is reported in 47 *N. Y.*, 99, and the same case, which is expressly adjudicated by this court and reported in 63 *Barb.*, 99, must end discussion of the legal sufficiency of the notice in this case. It is against the respondent's views.

But the respondent's counsel urges a new view, and with great ingenuity urges that section 371, and the offer provided for therein, does not apply to appeals for a new trial, but to appeals to questions of law only. If this position is the true one, the bar at large, and the courts, without exception, so far as I know, have been practicing and adjudicating under a mistaken view of these provisions of the Code. One entire chapter of the Code (chap. 5), eleven sections, is devoted to this subject, the whole of which are harmonious, and so divided, and yet connected, as to complete a system of practice providing for trials of issues of law and issues of fact, and with suitable provisions applicable to each. An analysis of these eleven sections, showing the appropriate office of each section, will show harmony instead of conflict, and will also show the mistaken view of the respondent.

Appeals from justices' courts to county courts are now entirely controlled by the provisions of the Code, beginning with section 351, which repeals all other practice, and ending with section 371.

Section 352 specifies the cases in which appeals may be brought. First, those in which a new *trial* may be had, viz., cases where the demand exceeds fifty dollars. Second, the cases which are exceptions, viz., cases in which the claim, though it exceeds fifty dollars, exclusive of costs, yet the

notice of appeal states that the appeal is taken upon questions of *law* only.

Section 353 prescribes the time within which the notice of appeal must be brought, and requires that such notice shall state the grounds of the appeal.

Section 354 prescribes the time within which the notice of appeal must be served, the manner of serving, the persons upon whom it must be served, what costs the appellant must pay on appealing, what security he must give and what other steps he must take to render his appeal effectual.

Section 355 relates to obtaining a stay of execution.

Sections 356, 357, 358 and 359 prescribe the form of security for a stay of execution, and the manner of serving the papers to effect that object.

Section 360 relates to the return of the justice to the appeal, and how it may be compelled and distinguished between returns made in cases, first, where the claim is below fifty dollars, and those where the appeal is upon questions of law; and, second, cases where the claim litigated exceeds fifty dollars, and a new trial is desired in the county court.

In the former, the testimony given is required to be returned by the justice; in the latter not.

Sections 361, 362 and 363 provide for obtaining returns in cases where the justice has gone out of office, for amendments to defective returns, and where a justice is dead, removed from the state or insane.

Section 364 provides for the manner of hearing in the county court. 1st. Where a new trial is *not* to be had; and 2d. Where a new trial *is* desired to be had.

Section 365 directs upon what papers the hearing shall be had in the appellate court.

Section 366 directs first upon what principles the appellate court shall review the case; and what powers they may exercise over the case and the parties in both classes of cases, viz., where new trials are *not* to be had, and in cases where they *are*. This section has six subdivisions. The first relates

to cases where the issue before the justice was an issue of law and confers power upon the county court to allow amendments to pleadings, &c. The second subdivision is only an extension of the same power. The third subdivision authorizes the court, upon a certain contingency, to try a new issue, to be joined under their direction; to be tried by a jury, and to proceed to such trial. The fourth subdivision directs that such last-mentioned issue, so joined, or an issue brought up by appeal, shall be tried in the supreme court.

The fifth subdivision first specifies what power the county court possesses over its own determinations in such cases, and what liberality they may allow to the parties in cases where new trials may be had; and it also allows to *either party, at any time before trial*, to serve on the opposite party an offer in writing to allow judgment to be taken against him for the sum or property, or to the effect in such offer specified, and with or without costs, as said offer shall specify. It then further provides that if the party receiving such offer accept the same and give notice thereof in writing within ten days, he may file the return and offer, with an affidavit of service of notice of acceptance thereof, and the clerk shall thereupon enter judgment according to said offer. This subdivision then declares what shall be the effect and liability of the parties to the undertaking in such case. It then provides that if notice of acceptance of such offer be not given, it shall be deemed withdrawn and cannot be given in evidence; and it then provides that if the party to whom such offer is made shall fail to obtain a judgment more favorable to him than that specified in said offer, then he shall not recover costs, but must pay the other party's costs from the date of the service of the offer.

This fifth subdivision of section 366, it should be remarked, was enacted in 1865, three years after the provisions of section 371.

The sixth subdivision of section .366 prescribes the practice in making up cases for new trials.

Section 367 directs what papers shall be entered with the clerk for making up the judgment.

Section 368 directs to whom costs shall be given upon the judgment upon reversal or affirmation, but does not specify what costs.

Section 369 prescribes the practice in obtaining a restoration of a judgment collected, if afterwards reversed.

Section 370 provides for set-offs when one party recovers damages and the other party costs.

Section 371, the last section in the chapter, was introduced in 1862 as a new system of practice, by allowing an appeal not only to the county court, but to the conscience and apprehensions of the prevailing party, by placing him in a condition of peril as to future costs, in case he failed to reduce or otherwise modify an unjust or an unconscientious judgment; and it prescribes the proceedings of the parties to this end, and imposes the penalties for the omission to follow its spirit.

The first subdivision of this section, it is plain to be seen, from its general language, applies to all cases of appeal where the parties desire a new trial, and is *not* limited to cases depending upon questions of law.

In this, the respondent's counsel is in error. It declares, in *terms*, that it applies to all cases of appeal. It relates to costs; it prescribes the amount of costs; it provides that the prevailing party shall be entitled to them, *except in the cases where the appellant states the grounds of error in a particular form, where the prevailing party omits to modify, and where he secures a less favorable judgment on a new trial.*

This section is not at all in conflict with subdivision five of section 366.

The offers therein referred to are to an entirely different stage of the case, and under different proceedings. This provision of section 366 was enacted three years later than the other, does not repeal it, is not repugnant to the other, but is in harmony and in spirit the same, for another state of the

proceedings. Both provisions are in full force; both are necessary to complete the system. Nor does an apparent inconsistency in the *ground* of appeal in this case affect the case.

Two of those grounds make it a good appeal under section 353, but give no advantage as to costs, as under section 371. One good ground was given in the notice, under the provision of section 371, to allow of the benefits of the provision as to costs, and that was a good notice. The case was tried upon that theory, without objection, and both parties claimed costs under it.

By the provisions of that section the appellant is entitled to costs, as the law is now fully declared. These he has been denied by the order of the county court. The result is, that the order of the county court appealed from should be reversed; the adjustment of costs in favor of the plaintiff by the clerk and judgment thereon be set aside; the clerk of Cortland county directed to adjust the costs in this case in favor of the appellant, and insert them in the judgment roll; that the appellant recover costs of the appeal to the county court and costs of appeal to this court.