By the Court, Talcott, J.
This action was originally commenced in a justice’s court; where the plaintiff recovered $96.60 damages. The defendant appealed to the county court, and on the trial in that court the plaintiff recovered $68.50. The question in the case is, *559 which party is entitled to the costs of the appeal to the county court; and the determination of this question depends upon whether the defendant, in his notice of appeal to the county court, specified, with sufficient definiteness, the error as to the amount of the recovery below, of which he complained. The language of the statute is, “if he (the appellant) claims that the amount of the judgment is less favorable to him than it should have been, he shall state what should have been its amount.” (Code, § 371.) The notice of appeal, amongst other allegations of error, contained the following statement, viz: “ The judgment should have been more favorable to him in the following particulars. That the judgment should not have been for more than $50 damages, and $5 costs.” And the’question is, whether this is a statement of “what should have been its amount.” Whether a statement that a judgment ought'not to have been for more than a certain amount, is a statement of what should have been its amount.
This precise question was considered by the Court of Appeals in a recently reported case, Younghause v. Fingar, (47 N. Y. 99,) and at the foot of that'case it is stated, that all the members of the court concurred in the opinion that a statement like that in this case is a sufficient compliance with the requisition of the statute to state “what should have been its amount.” Although the Court of Appeals, in the same case, held that it had no jurisdiction of the question, so that the opinion expressed on the point cannot be binding as authority; yet, it being a mere question of technical practice, we think it will tend to uniformity to hold in accordance with the views evidently entertained by the learned judges of that court, promulgated in the opinion referred to. This leads to a reversal of the decision of the county judge on the question of costs. Therefore, so much of the order appealed from as orders that the respondent have leave to enter and perfect a judg *560 ment against the deiendant for the amount of the verdict, with interest and his costs and disbursements in the action, is reversed, and it is ordered that the defendant is entitled to recover his costs of the appeal in the county court; costs'of this appeal to neither party.
[Fourth Department, General Term, at Rochester,
April 1, 1873.
Mullin, Talcott and B. B. Smith, Justices.]