CHARLES E. BIGSBY, Appellant, *v.* JAMES WARDEN, Respondent.

Section 371 of the Code, regulating costs on appeal from Justice's Court, applies to all cases without regard to the question as to whether a new trial is to be had in the appellate court or not.

Plaintiff recovered a judgment in Justice's Court for $100. Defendant appealed, stating in his notice as one ground of appeal that the judgment should have been more favorable to him in this; that "it should not have been for a larger amount than ten dollars." Plaintiff recovered in the County Court eighty-three dollars and eighty-eight cents. *Held,* that the notice was a sufficient compliance with that provision of said section requiring the appellant, if he claim the amount of the judgment to be less favorable than it should have been, to "state what should have been its amount," and that defendant was entitled to costs.

(Argued April 22, 1875; decided April 30, 1875.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment, in favor of defendant, of the County Court of Cortland county.

This action was commenced in Justice's· Court. Plaintiff there recovered a judgment of $100. Defendant appealed to the County Court stating in his notice of appeal, among other grounds, the following: " 3d. The judgment should have been more favorable to the defendant in this, to wit, it should not have been for a larger amount than ten dollars."

The cause was tried in the County Court and plaintiff recovered eighty-three dollars and eighty-eight cents. The

county clerk allowed costs to plaintiff. Defendant made a
motion in the County Court to strike out and disallow costs
to plaintiff, and to allow costs to defendant. The motion
was denied and defendant appealed. The General Term
reversed the order, set aside the taxation, adjudged costs in
favor of defendant and directed the clerk to adjust the same
and insert them in the judgment, and after deducting the
damages to enter judgment in favor of defendant for the bal-
ance, and judgment was so perfected.

*Amasa J. Parker* for the appellant. The notice of appeal
was not sufficient to entitle defendant to costs. (Code, § 371.)
Defendant was bound to state the exact amount to which the
judgment should be reduced; and not having done so plain-
tiff was not bound to make an offer to modify it. (*Keeley*
v. *Bend*, 5 A. L. J., 381; *Wadley* v. *Davis*, 43 How. Pr.,
82.)

*H. Ballard* for the respondent. The General Term was
correct in granting costs to defendant as he had reduced the
recovery more than ten dollars. (*Younghanse* v. *Fingar*, 47
N. Y., 99; 63 Bab., 299; Code, § 371.)

*Per Curiam.* The merits of the appeal were not passed
upon in *Younghanse* v. *Fingar* (47 N. Y., 99). The appeal
was dismissed for the reason that the order was not appealable
and the court was without jurisdiction. What was said,
therefore, by the learned judge by whom the opinion was
prepared upon the merits, the sufficiency of the notice of
appeal as a compliance with section 371 of the Code, was *gratis
dictum*, entirely foreign to the judgment actually pro-
nounced. We are, therefore, now that the question is pre-
sented in proper form, called upon to re-examine the question
as still open for discussion in this court, as it would not have
been had the point been adjudged in the case referred to.
Section 366 of the Code may be laid out of view as not
bearing upon the question presented by the appeal. The

purpose of that section was to conform the practice in appeals from Justices' Courts, when a new trial was to be had in the appellate court, to that in actions originally commenced in courts of record, and by bringing into that class of appeals the privilege to the parties of making offers of compromise, as provided by sections 385 and 386, in actions commenced and pending in courts of record of original jurisdiction, and giving the same rule as to costs where offers are made pursuant to its provisions. No offer of compromise or to allow judgment to be taken was made by either party, and therefore the section has no application, and does not affect or qualify the right of either to costs. The costs of appeals from Justices' Courts are regulated by section 371, except as the right to costs given by that section is qualified or varied in cases in which offers of judgment are made pursuant to section 366, or other special enactment. Section 371 prescribes the rule by which costs are to be adjudged in all cases of appeal from Justices' Courts, except such cases as are within the statutory exception before mentioned. It gives costs to the prevailing party in judgments rendered in all cases, with the exceptions and limitations declared in the same section. It declares that the appellant shall not recover costs except as provided in the chapter, and that the respondent shall be entitled to costs when the appellant is not. The same section provides that in the notice of appeal the appellant shall state in what particular or particulars he claims the judgment should have been more favorable to him, and in 1866 a clause was inserted, following this provision, to the effect that if he claimed that the amount of the judgment was less favorable to him than it should have been, he shall state " what should have been the amount." By the last paragraph of the section it is enacted that if the appellant shall not state in what particular or particulars he claims the judgment should have been more favorable to him he shall not be entitled to costs unless the judgment appealed from be wholly reversed. This section, in terms, applies to all cases of appeal from Justices' Courts, whether a new trial is to be had in the appellate court

or not.　Unless this be so no provision is made for costs in a large class of appeals, and it is for those who allege that the present case, which must necessarily be one of a large class, is not within the provision to show clearly that it is a *casus omissus*.　An omission so important will not be presumed, but the statute will rather, if consistent with the words, be so construed as to include all cases.　But the section expressly declares that in all cases of appeals costs shall be allowed as therein directed, and there is no exclusion of any case that may arise, and can be none.　The judgment, that is the judgment in the action, which is the judgment referred to and intended in the section, was made more favorable to the appellant, to an amount exceeding ten dollars.　He was, therefore, entitled to costs, unless he had forfeited that right by a failure to comply with the statute in his notice of appeal. It is true that he has not stated a precise amount for which the judgment should have been against him.　But he has stated an amount as the extreme limit for which it should have been rendered against him.　This we think a substantial, although not perhaps a literal compliance with the statute. It does enable the respondent to avail himself of this statement of the claim and make the offer to correct the judgment in that particular, by reducing it to the amount named. We regard the reasoning of Peckham, J., in *Younghanse* v. *Fingar (supra)*, as satisfactory, and reaffirm his conclusions as there stated.　It cannot be denied that the question is not free from doubt, and by a more critical interpretation of the statute, a different result would be arrived at.　But in view of the purposes of the act, and that it was designed for the guidance and direction of those frequently acting without counsel learned in the law, we deem it better to give the statute a liberal construction, and divest the practice under it of all technicality, and conform to the doctrine enunciated, although not adjudicated, in *Younghanse* v. *Fingar.*

The judgment must be affirmed.

All concur; Miller, J., not sitting.

Judgment affirmed.