EUGENE A. GROUX, RESPONDENT, v. JOHN J. McCRUM, APPELLANT.

*Justice's Court — appeal from — costs.*

Plaintiff recovered a judgment in a Justice's Court for $125. Defendant appealed to the County Court, assigning, as one ground thereof, that the judgment should not have exceeded twenty-five dollars. No offer was made by the plaintiff. Upon the trial in the County Court he recovered a judgment of ninety-three dollars. *Held*, that the defendant was entitled to costs in the County Court.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee, in an action to recover for services rendered by the plaintiff as a physician to defendant, originating in the Justice's Court of the city of Brooklyn.

The notice of appeal to the County Court stated, among other things:

First. That the justice erred in finding that the plaintiff rendered service for the defendant, in a sum exceeding in value the sum of twenty-five dollars.

Second. The justice should have found and decided that full payment had been made for all services rendered by plaintiff for defendant, and the said justice erred in not so finding.

*Roger H. Lyon* and *R. L. Scott*, for the appellant.   If the notice of appeal fairly apprises the respondent that the damages are excessive, it is enough to put him to his offer; and where one good ground is stated in the notice of appeal, it is sufficient to govern costs, irrespective of other grounds stated.  (*Younghause* v. *Fingar*, 47 N. Y., 99; 63 Barb., 299; *Bixby* v. *Worden*, 46 How. Pr., 239; *Myers* v. *White*, 37 id., 393; *Fox* v. *Nellis*, 25 id., 144; *Loomis* v. *Higbee*, 29 id., 232; *Reed* v. *Moore*, 31 id., 264; *Fults* v. *Wynn*, 2 Lans., 153.)

*H. W. Isaacson* and *H. B. Davis*, for the respondent.   The first clause in appellant's notice says that the justice erred in finding that the plaintiff rendered service for the defendant, in a sum exceeding in value the sum of twenty-five dollars.   He does not say that the justice erred in rendering judgment for a sum exceeding twenty-five dollars, or that the judgment should not have been for a sum exceeding twenty-five dollars, and in this respect the notice of appeal is clearly insufficient.   (Code, § 371; *Gray* v. *Hannah*, 1 Abb. [N. S.], 45; *Hotchkiss* v. *Banks*, 36 How. Pr., 61; *Loveland* v. *Atwood*, 31 id., 467; *Wadley* v. *Davis*, 43 id., 82; *Putnam* v. *Heath*, 41 id., 262; *Wyncoop* v. *Halbert*, 43 Barb., 266.)   If the notice of appeal had stated that the justice erred in rendering judgment for the plaintiff for a sum exceeding twenty-five dollars, it would still have been insufficient, because it did not specify any sum for which judgment should have been rendered; but the notice does not go even that far, but, on the contrary, says, in effect, that judgment should not have been rendered for any sum whatever.   (Code, § 371; *Hotchkiss* v. *Banks*, 36 How., 61; *Loveland* v. *Atwood*, 31 id., 467; *Gray* v. *Hannah*, 1 Abb. [N. S.], 45; *Wyncoop* v. *Halbert*, 43 Barb., 266; *Moran* v. *McClearns*, 43 How., 77; *Calverts* v. *Hall*, id., 80; *Wadley* v. *Davis*, id., 82; *Putnam* v. *Heath*, 41 id., 262; *Barnard* v. *Pierce*, 28 id., 232; *Forsyth* v. *Ferguson*, 27 id., 67.)

BARNARD, P. J.:

The plaintiff brought an action against the defendant in a Justice's Court, to recover compensation for his services as a physician, rendered the defendant.   The defendant denied the claim and pleaded payment.   The plaintiff recovered a judgment for $125, besides costs, and the defendant appealed to the County Court.

The action was retried there and resulted in a judgment for the plaintiff for ninety-three dollars.

The defendant, in his notice of appeal, stated the following grounds of appeal:

First. That the justice erred in finding that the plaintiff rendered services for the defendant in a sum exceeding in value the sum of twenty-five dollars.

Second. The justice should have found and decided that full payment had been made for all services rendered by plaintiff for defendant; and the said justice erred in not so finding.

Third. That said judgment is contrary to law and evidence.

Fourth. Judgment should have been for defendant, with costs, instead of for plaintiff.

The question is presented as to which party is entitled to costs. The appellant's right to costs depends upon his notice of appeal. He must state in his notice in what particular or particulars he claims the judgment should have been more favorable to him. If he does so state, and no offer is made by respondent to correct the judgment in any of the particulars mentioned in the notice of appeal, and the appellant recovers a more favorable judgment, to the amount of at least ten dollars, he shall recover costs. (Code, § 371.) The notice of appeal seems to come within the principle laid down by the Court of Appeals in *Younghause* v. *Fingar* (47 N. Y., 99). In that case the notice claimed a more favorable judgment in this particular, that it should not have been for more than twenty-five dollars damages. In this case the first particular ground of appeal is that the justice erred in finding a sum exceeding twenty-five dollars. This means the judgment is far too much, and should only have been for twenty-five dollars. This threw upon respondent the necessity of making an offer to correct the judgment in the amount, or to be liable to pay costs if the judgment was reduced ten dollars. No offer was made and the judgment was so reduced. The appellant was entitled to costs in the County Court. Order reversed, with ten dollars costs, besides disbursements.

TALCOTT, J., concurs.

Order allowing costs to plaintiff reversed, and costs allowed to defendant, with costs and disbursements.