ZENAS H. JONES, RESPONDENT, v. DANIEL D. COOK, APPELLANT.

*Appeal from a judgment of a justice of the peace — notice under Code, § 371 — what required — Motion — what relief may be granted on — Costs.*

Where a party appealing from a judgment of a justice of the peace stated in his notice, that the judgment should have been more favorable to him in five different sums therein specified, *held*, that this was not a sufficient compliance with section 371 of the Code, requiring that if the appellant claims that the amount of the judgment is less favorable to him than it should have been, he should specify what should have been its amount.

*Bigsby* v. *Warden* (62 N. Y., 27) distinguished.

Where a motion is noticed to set aside a taxation of costs, the court may, when both parties appear upon the hearing, direct not only that the taxation be set aside, but also that any judgment for said costs entered thereon be vacated.

Upon such hearing the court may allow costs to the successful party, even though they be not asked for in the notice of motion.

APPEAL from an order of the Allegany County Court, setting aside a taxation of costs, and the judgment for said costs, in favor of the defendant, and ordering costs in favor of the plaintiff.

The defendant appealed to the County Court from a judgment rendered by a justice of the peace for $200, stating in his notice, as one of the grounds of appeal, that the judgment should have been more favorable to him in that it should have been for five different smaller amounts specified. The plaintiff made no offer to modify the judgment. In the County Court the plaintiff recovered $100 damages. The clerk taxed costs in favor of the defendant, and the County Court, on motion of the plaintiff, set aside the taxation and the judgment for costs, and ordered costs in favor of the plaintiff, which is the order now appealed from..

*Rufus Scott*, for the appellant.

*Jones & Sparger*, for the respondent.

SMITH, J. :

Section 371 of the Code requires that if the appellant claims that the amount of the judgment is less favorable to him than it should have been, he shall state what should have been its amount. It

has been held repeatedly, in this department, that a specification in the notice of appeal that the judgment should have been more favorable in two or more sums of different amounts, is not a compliance with that requirement of the statute, and is of no effect. (*Putnam v. Heath*, 41 How., 262 [1870] ; *Wadley* v. *Davis*, 43 id., 82 [1872] ; *Murphy* v. *Simmons*, 3 T. & C., 794 [1874].)

The appellant's counsel claims, however, that the decisions above referred to were overruled by the Court of Appeals in *Bigsby* v. *Warden* (62 N. Y., 27). That is a misapprehension. The point there decided was that a statement by the appellant, in his notice of appeal, that the judgment " should not have been for a larger amount " than a certain sum specified, is a sufficient compliance with the requirement that he shall state " what should have been its amount." Only one amount was specified in the notice of appeal in that case, and the question here involved did not arise. The cases in this department above cited have not been overruled, and they are decisive of the question in the present case.

The appellant's counsel insists that the order of the County Court should be reversed, because it vacated not only the taxation of costs in favor of the defendant, but also " any judgment for said costs entered thereon," which latter relief was not asked for in the notice of motion ; also, because it gave costs of the motion which were not asked for in the notice. The cases of *Northrop* v. *VanDuzen* (5 How., 134) and *Saratoga Railroad Company* v. *McCoy* (9 id., 341) cited by appellant's counsel, were cases of default. Where an order is taken by default the party obtaining it can only take what he asks for in his notice. Even where both parties appear no relief will be granted, as a usual rule, except as specifically demanded, where there is no prayer for general relief. Especially, where such additional relief is distinct from and independent of that specified in the notice of motion. Thus, in *Alexander* v. *Esten, administrator* (1 Cai., 152), the object specified in the notice being to set aside an execution, the court would not allow it to be extended to the judgment ; and in *Smith* v. *Spaulding and others* (30 How., 339), the Superior Court of New York held that a motion to vacate an order of arrest did not embrace a motion to reduce the bail, although general relief was asked for. Here, however, the setting aside of " any judgment for the costs " is incidental to the vacating of the taxation of the costs

themselves, and is necessary to make that relief effectual. It is suggested that the affidavits did not show that a judgment had been entered. If none was entered, the only consequence is that that portion of the order is useless, and does no harm. As to costs, the County Court undoubtedly might have refused them, on the ground that the notice of motion did not ask for costs. But both parties having appeared, and the motion having been heard on its merits, the court could allow costs in its discretion. (Code, § 315.)

The order should be affirmed, with ten dollars costs of appeal and disbursements.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Order of County Court affirmed, with ten dollars costs of appeal and disbursements.