## CHARLES CHAPIN, APPELLANT, v. HINMAN SKEELS AND E. W. SKEELS, RESPONDENTS.

*Judgment in justices' court — who entitled to costs on a partial affirmance of such judgment by the county court — Code, § 371.*

Upon a trial in a justices' court, the plaintiff recovered a judgment of $25.48 damages and $7 costs, in all $32.48. Upon an appeal taken by the defendant under section 371 of the Code, the county court affirmed the judgment as to eighteen dollars damages and seven dollars costs, in all twenty-five dollars, and reversed it as to the residue.

*Held,* that the plaintiff was entitled to the costs of the appeal.

APPEAL from an order of the Washington County Court, denying a motion made by the plaintiff for a retaxation of costs. The case originated in a justices' court in the town of White-hall, and was tried before a justice of the peace, and a jury, on the 12th day of May, 1879, the plaintiff recovering a judgment of $25.48 damages and $7 costs, in all $32.48. The defendants appealed to the county court under section 371 of the Code, stating in their notice of appeal the particulars in which the judgment should have been more favorable to them in the court below, viz. : "That it should have been in their favor for costs ; and that it should have been in favor of plaintiff for twenty dollars or less." The county court affirmed the judgment to the extent of eighteen dollars damages and seven dollars costs, in all twenty-five dollars, and reversed it as to the residue, viz. : $7.48, with ten dollars costs to appellants, besides disbursements. The appellants and respondent both duly presented their bills of costs to the clerk for taxation; and the clerk taxed defendant's bill of costs. The plaintiff then made a motion in the county court for an order directing the clerk to tax his bill of costs and to strike out the defendant's bill of costs. The county judge made an order denying the motion, from which order this appeal is taken.

*Charles G. Davis*, for the appellant.

*Hill & Lillie*, for the respondents.

LEARNED, P. J. :

If the language of the decision in *Bigsby* v. *Warden* (62 N. Y., 27), is to be followed, the question is decided. "The costs of appeals from Justices Courts are regulated by section 371, except as the right to costs given by that section is qualified or varied *in cases in which offers of judgment are made pursuant to section* 366, *or other special enactment.*" This sentence does not say, except as the right to costs is qualified by other special enactment. It says, except as the right to costs is qualified in cases in which offers of judgment are made. It is the offers of judgment which may be made pursuant to section 366, or other special enactment; that is, the words "other special enactment" are governed by the words "pursuant to." They can be governed by nothing else.

Again, that decision states that section 371 applies to all cases of appeal from justices court, whether a new trial is to be had in the appellate court or not.

The question was fully discussed in *Bixby* v. *Warden* (46 How., 239), at the General Term, and the same result reached.

The policy of the provision seems to be that appeals shall be discouraged, unless the appellant can change the result in his favor, at least to the extent of ten dollars. We think that the construction given to the section by the Court of Appeals should be followed.

The order should be reversed, the adjustment in favor of defendant set aside and the clerk directed to adjust costs in favor of plaintiff.

The plaintiff should recover costs of appeal to county court, and ten dollars costs of appeal to this court, with printing disbursements.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Ordered accordingly.