Mr. Chief Justice TANEY
delivered the opinion of the court.
This action was brought in the Circuit Court for the Southern District of Mississippi, by the plaintiffs, upon a promissory note made to them by die defendant for $2,-950.70, dated March 27th, 1839j and payable on the 1st of-March, 1840.
The defendant offered in evidence that the only consideration of this' note was certain' slaves sold by the plaintiff to him in Mississippi in the year 1836, this note being given to take up former securities which had not been paid ; and that the said slaves.were introduced and-imported into the State-in the. year last above mentioned, by the plaintiffs, as merchandise and for sale.
Upon this evidence, the court instructed the jury that if the slaves were so introduced afieif the 1st of May, 1883, the note was void, and their verdict must be for the defendant. The plaintiffs excepted to this instruction, and the verdict and judginent being against them, they have brought the case here by writ of error.
The Circuit Court held this contract to be illegal and void, under' the following section of the constitution of Mississippi, adopted in 1832>_
“ The introduction of slaves into this State, as merchandise or for sale, shall be prohibited from and after the 1st day of May, 1833; provided the actual settler or settlers shall not be prohibited from purchasing slaves -in any State in this Union, and bringing them into this State for. their own individual use, till the year 1845. ”
The question presented in this c'ase is precisely the same with that decided by this .’court in the case of Groves v. Slaughter, reported in 15 Peters, 449. And the court then held, after hearing a very full and elaborate argument, that the clause in the constitution of Mississippi, relied on by the defendant, which went into operation on the 1st of May, 1833, did not-of itself prohibit the introduction of slaves as merchandise and for sale ; and that contracts fot 'the purchase and sale of slaves so introduced, made before the passage of the. law of that State of May 13th, 1837, were valid and binding upon the parties. The reasoning, upon which that opinion was, *139 founded, is fully set forth in the report of the case, and need not be repeated here.
It now appears, however, that the-question has since been brought before the courts of the State, and it has been there settled by its highest tribunals that the clause in the constitution above referred to did, of itself and without any legislative enactment, prohibit the introduction of slaves as merchandise and for sale : and rendered all contracts for the sale of such, slaves, made after May 1st, 1833, illegal and void. And it is argued that inasmuch as this court adopts the construction given by the State courts to their own constitution and laws, we ought to follow the decisions in Mississippi, and declare the contract before us to he void, notwithstanding the case of Groves v.‘ Slaughter. • ■
But we are not aware of any decision in this court which presses the rule so far, or that would justify this court in declaring contracts to be void upon this ground which upon the fullest consideration it has so recently held to be good.. It will be seen, by a reference to the opinion delivered in the case of Groves v. Slaughter, that the court were satisfied not only that the construction it then placed on the constitution of Mississippi was the true one) but that it conformed to the construction upon which, the legislature of the State had acted, and that the validity of these sales had not been brought into question in any of the tribunals of the State until long after the time when this contract was made ; and that as late as the beginning of the year 1841, when Groves v. Slaughter was decided, it did not appear, from any thing before the court, that the construction of the clause in question had béen settled either way, by judicial decision, in the courts of the State.
Acting under the opinion thus deliberately given by this court, we can hardly be required, by any comity or respect for the State courts, to surrender pur judgment to decisions since made in the State, and declare contracts to be void which upon full consideration we have pronounced to be valid. Undoubtedly this court will always feel itself bound to respect the decisions of the State courts, and from the time they are made will regard them as conclusive in all cases upon the construction of their own constitution and laws.
But we ought not to give to them °a retroactive effect, and allow them to render invalid contracts entered into with citizens of other States, which in the judgment of this court were lawfully made. For, if such a rule were adopted, and the comity due to State decisions pushed to this extent, it is evident that the provision in the constitution of the United States, which secures to the citizens of another. State the fight to sue in the courts of the United States, might become utterly useless and nugatory.
We are- of opinion, therefore, that the decision in the case of Groves v. Slaughter must rule this case, and consequently that the judgment of the'Circuit'Court must be reversed.
*140 The same judgment must also.be given in the.other case before us between the same parties, -as it depends on the same principles.