J. R. Swan, J.
1. Had the county commissioners any authority to establish a road upon the report of two viewers, when the third viewer did not qualify or act ?
The county commissioners are required to appoint three viewers, and can not establish a road unless the report of the viewers be in favor of establishing it. Swan’s Stat. (old ed.) 797, sec. 4.
But two, in this case, qualified and acted. This was not a compliance with the statute, for the duty required the exercise of discretion and judgment; Young v. Buckingham, 5 Ohio, 485; and *18 if the county commissioners had proceeded to establish the road on «uch report, their proceedings would have been erroneous.
2. Could the court of common pleas establish the road upon the report of the two viewers, made to the county commissioners?
It will be observed that the county commissioners did not ^establish the road, but simply received the report of the two viewers, entertained the application of Kluntz for damages, and appointed and received the report of the freeholders as to damages. Kluntz then appealed from the. last-mentioned report; and the case went to the court of common pleas, without any action whatever upon the question whether the road should be established. The commissioners were acting in accordance with the statute (Id. sec. 6), in not determining whether the land should be appropriated and the road established, until the question as to the damages of Kluntz should be finally determined. Upon the appeal, the damages of Kluntz might have been determined, under the statute referred to, and the court could have then remanded the whole subject, as to the establishment of the road, to the county commissioners ; or the court could have proceeded, in the place of the commissionex-s, to determine whether the road was of public utility, and ordered the report of the viewers, and the plat and survey, to be recorded by the auditor of the county, and thus establish the road. In the present case, the court appointed viewers to determine the damages of Kluntz, affirmed their report, and then, under the report of the two viewers, who had reported to the county commissioners, ordered the plat and survey to be recorded by the county auditor, and thereby established the road. The power of the court over road appeals is very general. The seventeenth section of the act above mentioned allows appeals, as well from the final decision of the county commissioners upon a petition for a new road, as for damages sustained by the same; and the ■court “ may order another view or review, if justice and the interest of the public require it, or make any other order they may deem just and x’easonable.” Unlimited as this language is, there is a legal discretion beyond which the court can not go. They may direct another view; but if no legal view has in fact beer made, and they direct no view, and establish a road without any legal evidence that the road is of public utility, it is certainly an abuse of legal discretion. The court, in this case had before them the opinion of two viewers. Instead of setting aside this view, *19 they acted upon it. The statute never contemplated the establishment of a road by the ^report of two viewers, the third never qualifying, meeting, or acting with the other viewers. "When the question, whether private property shall be condemned to the public use, is transferred by the state to and vested in a court, the power, so dangerous and easy of abuse, can not be exercised without such proofs of public necessity or public utility as have been prescribed by the state. The .law never intended that the county commissioners, or the court, should condemn lands for a county road on the mere opinion of either tribunal. Yiewers, who are freeholders of the vicinity, must first report, under oath, that the public require the assumption of the property for a road, before the county commissioners or the court can condemn it. We think the court, in the case before us, had not sufficient proof before them to exercise the power of eminent domain.
3. The objection to the qualifications of the persons who petitioned for the road, as freeholders of the vicinity, and that notice of the application for the road does not affirmatively appear to have been given, comes too late after the appearance of Kduntz before the commissioners, and his omission to make any objections of this kind until the matters were before the district court on certiorari.
4. Unless it be held that the constitution, relating to the assessment by a jury of the value, etc., of property taken for public use, is not applicable to proceedings pending when the constitution took effect, until the general assembly have had an opportunity to make provision for a jury (see People v. Board of Supervisors, etc., 3 Barb. (S. C.) 332; Graves et al. v. Slaughter, 15 Pet. 449; Rowan et al. v. Runnels, 5 How. 134, 138-139), it is clear that Kluntz, on his appeal from the award of damages, was entitled to a jury. Lamb et al. v. Lane, 4 Ohio St. 167.
The order of affirmation of the district court will be reversed. The order which the district court should have entered, under the law as it now exists relating to the assessment of damages, should have been to set aside all the orders made after the petition was filed before the commissioners, and remanding the whole matter *to the county commissioners for proceedings de novo on the petition.
This court will, therefore, reverse the orders of the district court and the court of common pleas, and the orders of the commission *20 ers made ^fter the petition was filed before them, and remand the matter for further proceedings before the county commissioners.
Bartley, C. J., and Brinkerhoee, Bowen, and Scott, JJ., concurred.