## McKELLAR et al. v. STOUT.

1. CORPORATION: PUBLICITY. A failure to comply with the requirements of §§ 1161 and 1162 of the Revision of 1860, does not render the private property of the stockholders liable for the debts of the corporation as contemplated by § 1166.

*Appeal from Dubuque City Court.*

MONDAY, DECEMBER 22.

SCIRE FACIAS against the defendant as a stockholder of the Dubuque Times Company Corporation, on a judgment

of the plaintiffs against said corporation, recovered in the City Court of Dubuque. Defendant's demurrer to the petition was sustained, and judgment rendered against the plaintiff, who appeals.

*Griffith & Knight* for the appellant, cited *Milldam Foundery* v. *Hovey*, 21 Pick., 455; and *Curtis* v. *Harlow*, 12 Met., 3.

*Bissell & Shiras* for the appellee.

WRIGHT, J.— At the last June Term of this Court, it was determined, that the demurrer of defendant to the petition of plaintiffs was stated in such general terms as that the Court below should have disregarded it under § 2877 of the Revision of 1860. (See 13 Iowa, 487.) Since that time the appellants have agreed to waive this objection, and present the cause for determination on its merits.

Defendant is a member of an incorporation styled the "Dubuque Times Company," against which plaintiffs obtained a judgment. This proceeding is instituted to make his individual property liable therefor. And the question made involves a construction of several sections of Chapter 52 of the Revision of 1860 (Ch. 43 of the Code of 1851) providing for "corporations for pecuniary profit."

By § 1152 it is declared that the incorporations therein provided for shall: "Previous to commencing any business, except that of their own organization, adopt articles of incorporation, which must be recorded in the office of the recorder of deeds of the county where the principal place of doing business is to be in a book provided therefor. A notice must also be published for four weeks in succession in some newspaper as convenient as practicable to the principal place of business, which must contain: *First.* The name of the corporation and its principal place of doing business. *Second.* The general nature of the

business to be transacted. _Third._ The amount of capital and stock authorized, and the times and conditions on which it is to be paid in. _Fourth._ The time of the commencement and termination of the corporation. _Fifth._ By what officers or persons the affairs of the company are to be conducted, and the times in which they will be elected. _Sixth._ The highest amount of indebtedness or liability to which the corporation is at any time to subject itself. _Seventh._ Whether private property is to be exempt from the corporate debts. (§§ 1154, 1155.) The corporation can commence business as soon as the articles are filed with the recorder, and their doings are valid if the publication is made in the newspaper within three months from such filing, and no change in any of said matters shall be valid unless recorded and published as required by the original articles. (§§ 1156, 1157.) In case of a premature dissolution, the same period of newspaper publication is required, as at its creation. (§ 1160.) A copy of the by-laws with the names of all the officers appended, must be posted in the principal place of doing business and be subject to public inspection. A statement of the amount of capital stock subscribed, the amount actually paid in, and the amount of indebtedness of the company in a general way, must also be kept posted up in like manner, which must be corrected 'as often as any material changes take place in relation to the subject matter of such statement. (§§ 1161, 1162.) And § 1166 declares that: A failure to comply substantially with the foregoing requisitions in relation to organization and publicity, renders the individual property of all the stockholders liable for the corporation debts. And the next section provides that either such failure or the practice of fraud, &c., shall cause a forfeiture of all the privileges hereby conferred and the Courts may proceed to wind up the business.

The petition alleges, in substance, that this corporation failed to comply with §§ 1161, 1162, on the subject of posting a copy of the by-laws and a statement of capital stock, &c., at the principal place of doing business. And we are to determine whether such failure renders the individual property of defendant liable, as contemplated by § 1166, or whether the "requisitions in relation to organization and publicity" refer to the preceding sections above quoted.

Our conclusion is that appellee's construction is the correct one, and that there was no error in sustaining the demurrer. The "publicity" provided for, relates to those important and essential publications required at the organization of the corporation, or the premature dissolution of the same. Such publications by name are the only ones actually styled such in the statute; and while it is true that to post by-laws and the amount of capital stock, &c., would result in giving the same a certain publicity, such posting is not spoken of as a publication, as in the case of the notice provided for in § 1155, and the preceding parts of the statute. Not only so, but the prime object of this requirement is to make individual corporators liable for the failure to do those things which are necessary to the transaction of business; and it was not designed that for a mere failure to post by-laws (which may or may not be adopted), the individual property could be made subject to execution. Then, again, if a failure to post by-laws and a statement of the amount of capital stock, &c., renders them liable, so a failure to give a corrected publicity to any material changes in such statement, would have the same effect. This was certainly not the intention of the Legislature. It makes individual liability depend upon failures or omissions, too, comparatively unimportant and unessential.

In the case of *Milldam Foundery* v. *Hovey*, 21 Pick., 457, cited by appellants, it will be found that the statute con-

strued expressly provided that the stockholders or officers should be responsible for certain specified defaults. As to what constituted such defaults there was no room for doubt or controversy. So in *Curtis* v. *Harlow*, 12 Met., 3, the point decided was, that the liability under the statute extended to those who were members at the time the party seeks to enforce his remedy, and is not confined to those constituting the company at the time the debt was contracted. These cases are, therefore, not applicable.

Affirmed.