## WHITE v. HOSFORD.

1. **Corporation:** LIABILITY OF STOCKHOLDER: PLEADING. In an action for damages under section 1163 of the Revision, against an officer or stockholder of a corporation for failure to comply with the articles of incorporation, it must be averred and shown what particular article defendant has failed to comply with, wherein he failed to comply, and that such failure was with the intent to defraud.

2. —— So if it is claimed that the defendants intended to deceive the public or individuals in relation to the means and liabilities of the corporation, the particular act or acts done in this respect must be alleged. In either case it must appear that the plaintiff has sustained damage by reason of the fraudulent acts complained of.

*Appeal from Clinton Circuit Court.*

WEDNESDAY, DECEMBER 10.

THE petition states, in substance, that at the June term of the circuit court of Clinton county, the plaintiff obtained a judgment against the Union Works, a corporation theretofore organized and existing under the laws of this State, and doing business in the city of Clinton, in said county ; that ever since the rendition of such judgment, said corporation has been and is insolvent, its property having been all sold to satisfy debts against it; that an execution, issued on plaintiff's judgment, has been returned unsatisfied ; that the defendant, ever since the organization of said corporation, has been a stockholder, president of the corporation, a member of its board of directors and executive committee, and the principal manager and business agent, and at the time of the rendition of plaintiff's judgment had purchased, and is now the owner of the franchises, interests and rights of the corporation under a sale thereof at execution sale on judgments against the corporation.   It is further alleged that the officers of said corporation, by the knowledge and procurement of the defendant, during the existence of the corporation and before the rendition of plaintiff's judgment, but while the debt on which it is founded was in part created, did " commit intentional fraud in failing to comply substantially with the articles of incorporation, and in failing to comply with the laws of the State of Iowa in relation to corporations, and in fraudulently diverting and using the funds," etc., for other purposes than paying the debts of the corporation, and converting them to their own use, by surrendering their stock and taking pay therefor out of the funds of the corporation; by creating liabilities in excess of the amount allowed by law, and in fail-

ing to keep posted a statement of their indebtedness, etc., as required by law.

The above are the material allegations of the petition. To this petition the defendant interposed a demurrer which, being sustained, judgment was rendered thereon for the defendant. Plaintiff appeals.

*Walter I. Hayes, George B. Young* and *I. Monroe* for the appellant.

*W. E. Leffingwell* and *J. F. McGuire* for the appellee.

MILLER, J. — This action is brought under section 1163 of the Revision, which reads as follows : " Intentional fraud in failing to comply substantially with the articles of incorporation, or in deceiving the public or individuals in relation to their means or their liabilities, shall subject those guilty thereof to fine and imprisonment or both at the discretion of the court. Any person who has sustained injury from such fraud may also recover damages therefor against those guilty of participating in such fraud." It is thus made an indictable offense in any one who shall commit the fraud contemplated in this section of the statute, and he is liable to respond in damages to the person injured by such fraud. The question raised by the demurrer is whether the allegations of the petition state a case of fraud within this section of the statute

The first species of fraud mentioned in the statute is " *intentional fraud in failing to comply substantially with the articles of incorporation.*" The terms here used are general ones. The statute does not specify what particular failures are intended, nor could it do so, for this must depend upon the provisions of the articles of incorporation, but the pleader should state in his pleading wherein the officers have failed to comply substantially with the articles of incorporation. It is not sufficient to state that they have committed intentional fraud without stating the facts contemplated by the statute as constituting a part of the offense created. In order to state a

case within this clause of the statute, it must be alleged wherein there has been a failure to comply with the articles of incorporation, and that such failure was with intent to defraud. The act and the intention must be both alleged to constitute the offense. In this case the act is not averred. It is not shown what were the requirements of the articles of incorporation, or wherein the officers or the defendant failed to comply therewith, or that there had been any failure whatever with the requirements of the articles.

With this general averment in the petition, it is alleged that the fraud consisted also " in failing to comply with the laws of the State of Iowa." This also is too general. It does not allege what *act*, if any, has been fraudulently omitted which the law requires to be done. Furthermore the section of the statute above set out does not include every failure to comply with the laws of Iowa. It is a penal statute and will not be extended to include acts not fairly embraced by its language.

The other species of fraud contemplated by the above section of the statute is, "*in deceiving the public or individuals in relation to their means or their liabilities.*" In order to state a case under this clause of the statute the pleader must allege the commission of some act done with the fraudulent intention of deceiving the public or individuals in relation to the means or the liabilities of the corporation. An intention to thus deceive will not of itself constitute the intentional fraud contemplated. There must be an act done in pursuance of such intention. It is as essential to allege the act as it is to allege the intention. Such act is not alleged in the petition in this case. The acts charged against the defendant are diverting the funds of the concern from their proper channel by surrendering his stock and taking pay out of the funds of the corporation, creating liabilities in excess of the amount allowed by law, and in failing to keep posted a statement of the indebtedness of the corporation. It is not alleged that by any of these acts the public or individuals were deceived in relation to the means or liabilities of the corporation. These allegations most clearly fall short of stating a cause of action

under this clause of the section. The failure to keep posted a statement of the indebtedness, etc., as required by sections 1161 and 1162 of the Revision, does not render the private property of the stockholders liable for the debts of the corporation, under section 1166. *McKeller* v. *Stout,* 14 Iowa, 359, nor will such failure, without more, render the officers or stockholders liable for damages under section 1163. There must be some act done with the fraudulent intention to deceive the public or individuals in relation to the means or liabilities of the corporation, and such act must have so deceived the public or some individual, and the person deceived must have sustained an injury from such fraudulent act before an action for damages can be maintained. These facts must be stated in the petition in order to constitute a cause of action for this species of fraud under the section we have been considering.

We conclude that the demurrer to the petition was properly sustained, and that the judgment must be

Affirmed.