MORRIS K. JESSUP et al., Respondents, *v.* ANDREW CARNE-
GIE et al., Appellants.

The construction placed upon the statute of another State by the courts of
that State is, as a general rule, controlling, and will be followed by the
courts of this State.

*It seems,* however, that where a statute has been construed by the courts
of the State, whose Legislature enacted it, and obligations have been
entered into on the faith of such decisions, a subsequent decision giving
a different construction will not control as to such prior transactions.

This action was brought against certain of the stockholders of the D. R. C.
Co., a company purporting to have been incorporated in the State of Iowa
for the purpose of furnishing materials for building and equipping rail-
roads.   The defendants were sought to be charged with an indebtedness
of the company on the ground that the proceedings for its incorporation
were not in accordance with the provisions of the Iowa statute, under
which the incorporation was attempted, as the articles of incorporation
were not filed in the office of the secretary of State, as prescribed
(Revised Code of Iowa, chap. 52, Laws of 1860, as amended by chap. 172,
Laws of 1870, § 1152); and so that no incorporation was effected, and the
individual stockholders were personally liable.   By said statute a failure
to comply with its requirements makes the stockholders individually
liable (§ 1166), save in case of railroad corporations. (§ 1338.)  It
appeared that in a similar action brought in the State of Iowa (*First
National Bank of Davenport* v. *Davies,* 43 Iowa, 424) against one of the
stockholders of the same company, it was held that the filing of the arti-
cles in said office was not essential to the validity of the incorporation,
nor did the omission render the private property of the stockholders
liable for the payment of its debts, as the company was a railroad cor-
poration within the meaning of the statute.   *Held,* that said decision was
conclusive as to the construction to be placed on said statute, and the
action was not maintainable ; also that the fact that the judges in that
case differed in determining the questions presented was not material,
and did not impair the force of the decision ; it was sufficient if a major-
ity of the court agreed in the interpretation of the statute in question.

Also, *held,* that the fact that said decision was made after the commence-
ment of this action did not render it less effective as an authority, there
being no prior decision to the contrary, or different rule established in
said State applicable to the case.

*Butz* v. *City of M.* (8 Wall., 575) ; *Rowan* v. *Runnels* (5 How. [U. S.], 134) ;
*O. L. Ins. and T. Co.* v. *Debolt* (16 id., 416); *Gelpcke* v. *City of D.*
(1 Wall., 175) ; *Chicago* v. *Sheldon* (9 id., 50) ; *City* v. *Lamson* (9 id.,
477) ; *Lee County* v. *Rogers* (7 id., 181) ; *Dubuque* v. *Dubuque* (7 Iowa,
162) ; *Dishon* v. *Smith* (10 id., 212) ; *McKellar* v. *Stout* (14 id., 359),
distinguished:

It is provided by the Iowa statute (Revised Code, §§ 1173, 1174) that in no case where stockholders are made personally liable can their private property be levied upon for the payment of corporate debts, while corporate property can be found; that a judgment must first be obtained against the corporation, an execution issued thereon against its property, a demand made for the same, and there must be a refusal to point it out. *Held,* that these requirements not having been complied with, this action was not in any view maintainable.

Where a new right is given by statute, and a specific relief prescribed for its violation, the remedy is confined to that given by the statute.

(Argued February 25, 1880; decided April 6, 1880.)

APPEAL from judgment of the General Term of the Superior Court, of the city of New York, in favor of defendants, entered upon an order overruling exceptions and directing judgment on a verdict. (Reported below, 12 J. & S., 260.)

The nature of the action and the facts are set forth sufficiently in the opinion.

*James Emott,* for appellants. The court of Iowa having passed upon the statute their decision is controlling. (*Hoyt* v. *Sheldon,* 3 Bosw., 302; *Hoyt* v. *Thompson,* 3 Sandf., 421; *Shelby* v. *Guy,* 11 Wheat., 361–367; *Tioga R. R.* v. *Blossburg R. R.,* 20 Wall., 147; *Elmwood* v. *Marcy,* 92 U. S., 289; *Shelby* v. *Guy,* 11 Wheat., 363; *Washington College* v. *Duke,* 14 Iowa, 14; *Langan* v. *Iowa and Min. Cons. Co.,* Sup. Ct. of Iowa, October Term, 1878.) If the defendants are not liable in Iowa on the notes of the Construction Company, they are liable nowhere. (*King* v. *Sarria,* 69 N. Y., 34; *Melan* v. *Fitzjames,* 1 Bos. and Pull., 138; Story on Confl. of Laws, chap. 14, §§ 556, 558, 567–569; *Drinkwater* v. *Port. M. R.,* 18 Me., 35; *Merrick* v. *Van Santvoord,* 34 N. Y., 212–217.) A dissolution of a *de facto* corporation terminates all suits against it. (*Sturges* v. *Vanderbilt,* 73 N. Y., 388; *Merrick* v. *Van Santvoord,* 34 id., 208.) A failure to file articles in the secretary of State's office is a question for the State only. (*Price* v. *Rock Island and Alton R. R.,* 21 Ill., 93; *Turbell* v. *Page,* 24 id., 48; *Cross* v. *Pinkneyville Mill Co.,* 17 id., 56; *Mokelmume Hill*

*Min. Co.* v. *Woodbury*, 14 Cal., 427; *Baker* v. *Admn. of Backus*, 32 Ill., 97.) None but the State can impeach the validity of a corporation *de facto.* (*The B. and A. R. R. Co.* v. *Cary*, 26 N. Y., 77; *Eaton* v. *Aspinwall*, 19 id., 121, 122; *Doyle* v. *Peerless Petroleum Co.*, 44 Barb., 244; *The Eagle Works* v. *Churchill*, 2 Bosw., 171; *Charles River Bridge* v. *Warren Bridge*, 7 Pick. [Mass.], 371; *Wight* v. *Shelby R. R. Co.*, 16 B. Moore [Ky.], 7; *Searsbury Turnpike Co.* v. *Culer*, 6 Vt., 324; *State* v. *Carr*, 5 N. H., 370; *Pres., etc., of the Kishacoquillas and Cent. T. R. Co.* v. *McConaby*, 16 Sergt. & Rawle, 145; *Canal Co.* v. *Railroad Co.*, 4 Gill. & Johns., 4, 107; 1 Edwards, 84–110; *Chamberlain* v. *Painesville and Hudson R. R. Co.*, 15 Ohio, 250.) The proceedings against the corporation must be had in the State granting the charter. (*Persse & Brooke's Paper Works Co.* v. *Willett*, 19 Abb., 433.)

*Joseph H. Choate*, for respondents. The failure to record the articles of incorporation in the office of the secretary of State was fatal to the attempted creation of the corporation. *Dubuque* v. *Dubuque*, 7 Iowa, 262; *Dishar* v. *Smith*, 10 id., 212; *Dewitt* v. *Hastings*, 69 N. Y., 622; *Childs* v. *Smith*, 55 Barb., 45; *Harris* v. *McGregor*, 29 Cal., 124; *Mining Co.* v. *Woodbury*, 14 id., 424; *Mining Co.* v. *Herkimer*, 46 Ind., 42; *Bigelow* v. *Gregory*, 73 Ill., 197; *Abbott* v. *Omaha Co.*, 4 Neb., 416.) The special provisions of the Iowa statute contained in sections 1172, 1173 and 1174, can form no obstacle to the exercise of jurisdiction by this court to enforce the personal liability of the stockholders here asserted. (*Corning* v. *McCullough*, 1 N. Y., 56.) The Davenport Railway Construction Company was not and is not a " railroad corporation," and its " stockholders" are not, therefore, exempted from the liability otherwise incurred by section 1338 of the Code of Iowa. (*Dane's Case*, 43 Iowa, 435, 436; *State of Iowa* v. *County of Wapello*, 13 id., 388.) The courts of this State are not bound to follow the decision of the Iowa court. (*First Nat. B'k of Iowa* v. *Davies*, 43 Iowa,

435; *Hoyt* v. *Sheldon*, 3 Bosw., 302; *Butz* v. *City of Mus-catine*, 8 Wall., 575; *Von Hoffman* v. *City of Quincy*, 4 id., 557; *Rowan* v. *Runnels*, 5 How. [U. S.], 134; *Ohio L. Ins. and Tr. Co.* v. *Debolt*, 16 id., 446, 431; *Gelpcke* v. *City of Dubuque*, 1 Wall., 175; *Chicago* v. *Sheldon*, 9 id., 50; *The City* v. *Lamson*, 9 id., 477, 585; *Lee County* v. *Rogers*, 7 id., 181.)

MILLER, J.   This action was brought against the defend-ants, upon certain promissory notes made and issued in the name of the Davenport Railway Construction Company, for railroad iron delivered to the said company.   The company was intended to be incorporated under the laws of the State of Iowa, and proceedings were taken for that purpose; but it is alleged that they were not in accordance with the pro-visions of the statutes relating to that subject; that by reason of a non-compliance therewith they failed to accomplish the object intended, and that in consequence thereof, the defend-ants, who were stockholders of the proposed corporation, became individually liable for the debts of the company, including the demand which is now the subject of con-troversy.

The laws of the State of Iowa provide that persons may associate themselves and become incorporated for the trans-action of any lawful business; and it is declared by the Revised Code (chap. 52, Laws of 1860, as amended by chap. 172, Laws of 1870, § 1152), that "previous to commencing any business, except that of their own organization, they must adopt articles of incorporation, which must be recorded in the office of the recorder of deeds of the county where the principal place of business is to be, and in the office of the secretary of State, in a book kept for that purpose." Provision is also made for the publication of notice (§§ 1154, 1155); and by section 1156 "the corporation may com-mence business as soon as the articles are filed in the office of the recorder of deeds, and their doings shall be valid, if the publication in the newspaper is made and the copy filed

in the office of the secretary of State within three months from such filing in the recorder's office." By a further provision (§ 1166) the individual property of the stockholders is made liable for corporate debts in case of a failure to comply with the foregoing requisitions.

The proof upon the trial established that the defendants, in seeking to organize a corporation, omitted to file the articles of incorporation in the office of the secretary of State within three months after the filing of the same in the recorder's office, but that they were so filed more than four months prior to the commencement of this action. The claim of the plaintiffs is that by the omission to file as required according to the law of Iowa and by well established rules, the defendants acted without any authority as a body corporate under the laws of that State, and became and were liable for the debts and liabilities incurred by the company.

As the question involved arises under the statutes of Iowa, the liability of the defendants depends upon the construction to be placed upon those statutes. The questions to be determined are, *first:* Whether certain provisions of the Iowa Code apply to a corporation of this description or it is excepted therefrom ; and *second:* Whether a failure to comply with the provisions requiring certain conditions to be observed in organizing a corporation, renders it invalid and imposes a personal liability upon the corporators and stockholders. In determining the interpretation to be placed upon the statutes of a State, it is important to ascertain whether the courts of the State where they were enacted have considered the subject, and the construction, if any, which has been placed upon them. If the courts of Iowa have passed upon the question now presented, the courts of this State ordinarily would feel bound to respect the decision thus made and should not reconsider the subject, so as to decide *de novo* whether the adjudication was erroneous and should be disregarded. This course has been substantially pursued, we think, in the State and Federal courts,

and any other or different rule would lead to confusion, operate injuriously in many cases, and would be in direct hostility to the comity which is due to the authority and power which is conferred upon the lawfully constituted tribunals of a sovereign State. If a statute existing in the State of New York, which had been interpreted by the highest tribunal having jurisdiction in this State, in such a case could be construed differently in another State, individuals who might be subject to its operation would have no security against a different construction elsewhere, and thus liabilities might be incurred which were never contemplated by the Legislature of the State which passed the statute, and great injustice done. Any such a rule enforced in different States according to the *lex loci* would be an infringement upon the rights of individuals and at war with the policy of the law that no man should be subject to liability at the same time by reason of different and conflicting constructions of the same law in different localities. The general current of authority is in conformity with the rule stated, and at a very early period in the judicial annals of the country the Supreme Court of the United States sustained and sanctioned the doctrine that the decisions of the courts of a State are controlling in reference to its local statutes, except in special cases which are mentioned ; and it has been universally followed since up to the present time. In *Elmendorf* v. *Taylor* (10 Wheat., 152, 160), Marshall, Ch. J., in laying down the rule that the courts of every government have exclusive authority of construing its local statutes, and that their construction will be respected in every other country, says : " The construction given by the courts of the several States to the legislative acts of those States is received as true unless they come in conflict with the constitution, laws or treaties of the United States." The same rule is upheld in *Shelby* v. *Guy* (11 Wheat., 367); and it is laid down " that a fixed and received construction of their respective statute laws in their own courts, makes, in fact, a part of the statute law of the country." The late decisions are entirely harmonious with

those to which we have referred. In *Town of South Ottawa*
v. *Perkins* (94 U. S., 260, 267), BRADLEY, J., citing section
thirty-four of the judiciary act, says : "And this court has
always held that the laws of the States are to receive their
authoritative construction from the State courts, except
where the Federal constitution and laws are concerned."
(See also *Peik* v. *Chicago and N. W. Railway Co.*, 94 U.
S., 164; *County of Leavenworth* v. *Barnes*, id., 70; *Adams*
v. *Nashville*, 95 id., 19; *Township of Elmwood* v. *Marcy*,
92 id., 289.) In a recent case in the same court not yet
reported (*Fairfield* v. *The County of Gallatin*), it is said
"that it is the peculiar province of the Supreme Court of a
State to interpret its organic law, as well as its statutes, and
that it is the duty as well as the pleasure of this court to
follow and adopt that court's interpretation." After stating
that at an early day this rule was announced, the opinion
cites numerous cases, and the rule is laid down that the
interpretation of the courts of a State will be accepted as
the true interpretation, whatever may be the opinion of its
original soundness.

The case of *Butz* v. *The City of Muscatine* (8 Wall., 575)
is cited and relied upon by the counsel for the respondent ;
but we are unable to discover that it sustains the position
contended for. In that case the question was as to the con-
struction of certain provisions of the laws of the State of
Iowa, which had been construed by the State courts. These
decisions were overruled upon the ground that where the
statute in question affects the remedies of creditors which are
protected by the constitution, the court will exercise its own
judgment on the meaning of the statutes, irrespectively of
the decisions of the State courts, and that such remedy can-
not be taken away, as respects previously existing contracts,
by erroneous decisions of such courts. The case last cited
is brought directly within some of the exceptions stated in
the authorities referred to in the opinion, and therefore is
not in point. It may also be remarked that we do not find
that this case is cited as authority in any subsequent decision,

and, as we have seen, there is no ground for claiming here that the decision of the Supreme Court of Iowa, interpreting the statute in question, operated to deprive the plaintiffs of any remedy which formed a part of the contract originally existing between the parties. The contract here was not made upon the faith of any prior decisions which had become rules of property, and no rights have been lost to the plaintiffs by reason of a reliance on any such decisions.

Some other cases are cited by the respondents' counsel, but a careful examination of them discloses that they have no application to the facts presented in the case under consideration. In *Rowan* v. *Runnels* (5 How., 134) the remarks cited from the opinion in regard to giving a retroactive effect to the decisions of the courts of a State, and allowing them to render invalid contracts entered into with the citizens of other States, cannot apply to this case, as the decision of the Supreme Court of Iowa, as will hereafter be seen, could have no such effect. In *Ohio L. Ins. and T. Co.* v. *Debolt* (16 How., 416), the remarks of the judge which are relied upon relate to the duty of the court to follow decisions of the State courts which had given a uniform and unquestioned construction to the constitution and laws of a State for nearly half a century, and it was very properly held that if the contract was valid by the laws of the State as then expounded, its validity could not be impaired by subsequent legislation or the decisions of the courts altering the construction of the law. This rule does not affect the decision of the State court of Iowa upon the question considered, as will hereafter be seen, as no such case was presented. In *Gelpcke* v. *City of Dubuque* (1 Wall., 175), it was held that where by a series of decisions of the Supreme Court of Iowa it had decided in favor of the right of the Legislature to authorize municipal corporations to subscribe for stock to railroads, and to issue bonds accordingly, the fact that the court held these decisions to be erroneous could not affect transactions in the past, however it might affect those in the future; and that the United States Supreme Court will not necessarily follow

these decisions. It will be seen that the court of Iowa had already settled the law by numerous adjudications, and the case was an exceptional one which authorized a departure from the general rule that, in giving construction to the laws and the constitutions of States, the court will follow the decisions of the State courts. In *Chicago* v. *Sheldon* (9 Wall., 50) the case was decided upon the ground that a contract having been entered into between the parties, valid at the time by the laws of the State, no decision of the courts of the State can impair its obligation. *The City* v. *Lamson* (9 Wall., 477) affirms the doctrine laid down in *Gelpcke* v. *City of Dubuque* (*supra*), and holds that where bonds, issued to *bona fide* holders for value, are valid by the judicial decisions of a State when issued, subsequent decisions in the same State cannot destroy their validity in such hands. *Lee County* v. *Rogers* (7 Wall., 181) also involved the principle decided in *Gelpcke* v. *City of Dubuque*, and was disposed of mainly upon the authority of the latter case.

It will be observed that none of the cases relied upon are at all in conflict with the decisions which have been cited to establish the principle that where the courts of a State have placed a judicial construction upon a statute passed by the Legislature of such State, it is the bounden duty of the courts of another State, unless in exceptional cases, to follow such decision, and it would be a direct violation of this well settled rule to reconsider the question and ignore such decision. So far as the subject has been considered in this State, the same rule has been sanctioned and upheld. In *Hoyt* v. *Thompson* (3 Sandf., 421), Mr. Justice DUER, after referring to the construction placed upon a statute by the courts of New Jersey, remarks : " In each State it is the province of its courts of justice to determine the construction of its statutes, and, as the construction which they adopt becomes the law of the State, it must be regarded and followed as such by all foreign tribunals." The late Judge WOODRUFF, in *Hoyt* v. *Shelden* (3 Bosw., 302), says : " But we are not without aid of interpretation given to this statute by the

courts of New Jersey. I need hardly say that the exposition of her courts is to be, taken by us as conclusive, * * * and their interpretation is we apprehend to be received with the same force as if that interpretation was incorporated in the statute in terms." In *Hunt* v. *Hunt* (72 N. Y., 236), Folger, J., says : " The decisions of the tribunals of a State as to the true construction of the laws. of their own sovereignty are binding upon the Federal courts, and why not on the judiciary of other States, in all matters within the jurisdiction of the tribunals first named ? "

Assuming, as we think must be done, that the decision of the courts of the State of Iowa are controlling in regard to the interpretation to be placed upon the statute involved in this controversy, it becomes important to inquire and determine whether any rule has been adopted as to the liability of the defendants as corporators or stockholders of the Davenport Railway Construction Company, or of others who are similarly situated. In *The First Nat. Bank of Davenport* v. *Davies* (43 Iowa, 424), it appears that the distinct question was raised and decided by the Supreme Court of that State, in an action brought against one of the stockholders of the same company, and it was held, upon the first hearing of the case, that a stockholder was not personally liable for the debts of the company. All of the judges composing the court, with one exception, also held that the company was a railway corporation, within the meaning of the statute of March 20, 1868 (§ 1338 of the Revision), which declares that section 1166 shall not be applicable to railroad corporations, and corporators and stockholders, and they shall be liable only for the amount of stock held by them. A re-hearing was had in the case last cited, and it was again held that there was no liability of the persons who were stockholders of this company for the payment of its debts. The last decision rests upon two grounds, in each of which a majority of the judges concurred. *First.* That the filing of the articles of incorporation in the office of the secretary of State was not essential to the validity of the corporation, nor would

a failure to file them render the private property of the stockholders liable for the payment of its debts. *Second.* That the Davenport Railway Construction Company, being organized for the purpose of furnishing materials for building and equipping railways, is a railway corporation, within the meaning of the statute exempting stockholders from liability beyond the amount of their stock. The decision in the case cited must be considered, we think, as conclusive in regard to the construction to be placed upon the statutes of Iowa, and no sufficient reason is given why it should not be followed by this court. The fact that the judges differed in arriving at a conclusion as to the questions presented, is not material, and does not impair the force of the decision. It is sufficient that a majority of the court determined what interpretation should be placed upon the statutes in question, and thus settled the law, to render the conclusion arrived at obligatory and effective in the State of Iowa, and in the courts of other States and of the United States, where a construction of the same statute may have become the subject of consideration. This decision has been accepted and followed as the law, in a case involving the same question, in the United States Circuit Court of Iowa, in *Meyer* v. *D. and St. Paul R. R. Co.* (not reported), where it was sought to charge these defendants as stockholders for the acts of The Davenport Railway Construction Company, and it was there held that under the decision in *The First Nat. Bank* v. *Davies* (*supra*), that there can be no question that the construction company was a corporation, and that the stockholders cannot be made liable upon the ground that they were partners merely.

The learned counsel for the respondents, insists that the courts of the State of Iowa in prior decisions have held that similar provisions of the statutes of Iowa are mandatory and not directory, and have declared that a failure to comply with the requisitions mentioned in section 1166 of the Code rendered the stockholders liable for the corporate debts, and several cases are cited to sustain this position. We think that

none of them hold a doctrine in conflict with *The First N. Bank* v. *Davies* (*supra*), or involve the precise question presented upon this appeal, as will be seen by an examination of the decisions. In *Dubuque* v. *Dubuque* (7 Iowa, 162), the action was to recover school moneys, and the case involved the constitutionality of the act relating to public instruction in the State. The court lay down certain rules as to the interpretation of statutes and of the constitution, which are no doubt sound, but even if applicable cannot affect the decision of the question arising in the case at bar. It holds that the affirmative words of a statute imply a negative as strongly as if that negative was expressed. We are not required to criticize or to examine the correctness of the proposition stated, as it is very clear that it cannot well be urged that this is sufficient to overrule the decision of a court involving the construction of a statute which was not the subject of consideration in the case cited. The case of *Dishon* v. *Smith* (10 Iowa, 212), arose upon an application for an injunction restraining a county judge from removing the office and records of a county from one town to another, and involved a question as to the validity of an election, and has, we think, a very remote if any application whatever to the question arising as to the construction of the statutes we have considered. The doctrine laid down as to when statutes prescribing a time and mode of action to public officers are directory, and when mandatory, cannot be considered as affecting a decision which gives an interpretation to statutes which are directly involved. We come then to the remaining case, *McKellar* v. *Stout* (14 Iowa, 359), upon which great reliance is placed. It arose upon a demurrer to a petition in a *scire facias* against the defendant as a stockholder of a corporation on a judgment against such corporation to make his individual property liable therefor. The corporators, in organizing the company, had failed to comply with the provisions of the statute on the subject of posting a copy of the by-laws and a statement of the amount of capital stock, etc., at the

principal place of business. The statute required such by-laws and statement to be kept posted, and another section (§ 1166) declared that a failure to comply " with the foregoing requisites in relation to organization and publicity, renders the individual property of all the stockholders liable for the corporate debts," The question was whether such failure rendered the individual property of the defendants liable ; and it was held that the " publicity " provided for related " to the publications required at the organization of the corporation or the premature dissolution of the same," and that the defendant was not liable. The judge argues in the opinion that the posting was not spoken of as a publication, as in a case of the notice· provided for in the statute. It was said : " Not only so, but the prime object of the requirement is to make the individual corporators liable for the failure to do those things which are necessary to the transaction of business ; and it was not designed that for a mere failure to post by-laws (which may or may not be adopted) the individual property could be made subject to execution." These remarks are of a very general character, and we are unable to discover anything in the case cited, or in the reasoning of the court, which has a direct application, or in any way determines the question now considered. But a single act required by the statute had been omitted, and this alone is discussed, without any reference to any other provision in regard to the recording of articles of incorporation, either in the county where the corporation is located or in the office of the secretary of State. Nothing is said and no intimation given as to the effect of such an omission, and there is no argument or assertion that a failure to record the articles as prescribed by statute would impose a liability upon the individual property of stockholders for corporate debts ; and even if it had been considered, it would have been *obiter dictum* and entitled to no weight against an express adjudication on the very point. It would not settle or even tend to establish the law upon an open question which had not been the subject

of adjudication. The opinion of one of the judges in *The Bank of Davenport* v. *Davies* (*supra*), cites *McKellar* v. *Stout*, and claims that it is in harmony with his own views and does violence to no language of the statute, but it is not claimed that it decides the question now considered, and the views expressed are in conflict with those entertained by a majority of the court. There is no declaration in the opinion referred to that the law upon this question had been established in *McKellar* v. *Stout*, or that the views of a majority of the court would lead to a reversal of the former decision. The judge who wrote the prevailing opinion was not required to review this portion of the argument of the judge who did not concur, and there is no ground for claiming that the court considered that the decision made was a departure from or a reversal of the law of the State as it previously existed. Nor was such the fact, as the question decided was entirely new and was then for the first time presented for adjudication. As the decisions considered were all made without any regard to the question before us upon this appeal, they cannot affect a subsequent adjudication involving a different point. There is then, we think, no valid ground for claiming that either of the cases cited places an interpretation upon the statutes of the State of Iowa, which establishes the doctrine that at the time the notes in question were made, a failure to record the articles in the office of the secretary of State rendered the defendants individually liable for the debts of the Davenport Railway Construction Co. Even although the decision in 43 Iowa was not made until after the commencement of this action, it does not render it any less effective as an authority, as there was no decision to the contrary and no other or different rule established in that State applicable to such a case ; and the law was the same when the corporation was first organized, as when the court placed their construction upon the statutes relating to the subject. It was not retrospective in its operation, but a true interpretation of the law as it was when enacted, and as it continued up to the time the decision was announced.

The case of *State of Iowa* v. *County of Wapello* (13 Iowa, 388), is also cited to show the distinction between a railroad corporation and other corporations; but there is no rule laid down in the opinion which can be regarded as establishing the doctrine that the Davenport Railway Construction Co. did not come within that definition, or that was inconsistent with the decision in 43 Iowa. The question presented was the constitutionality of the law authorizing county subscriptions to railroads, and the validity of the defendants' subscription and the point now considered did not arise.

We are not called upon in this case to determine whether the court of Iowa was right in the construction given to the various provisions of the statute relating to the subject, and it is too late to renew a discussion of that question in the case now presented. The decision must therefore be accepted as a correct determination of the question involved, and as an exposition of the law as it existed in that State at the time it was made. Its authority is binding and conclusive, and, as we have seen, we cannot disregard it or hold that it is not in point, without overruling principles which have long been settled and acquiesced in.

The proposition being fairly established that the Davenport Railway Construction Company was regularly organized according to the laws of the State of Iowa, and that no law has been violated which renders the defendants personally liable in this action, there is an end of this case, and under the rules which have been laid down in the cases cited, no action can be maintained in this State to enforce such liability.

There is another ground which is fatal to a recovery in this action, and that is that the liability of stockholders under the statutes of Iowa is confined to the remedy given thereby; and it is expressly provided, in the laws relating to that subject: "In none of the cases contemplated in this chapter can the private property of the stockholders be levied upon for the payment of corporate debts while corporate property can be found with which to satisfy the same." (Revised Code

of Iowa, § 1173.)   It is also essential that a judgment be
obtained against the corporation, an execution issued on the
judgment against corporate property, a demand made for
the same, and a neglect to point it out.   It is only in such a
case that the stockholder is liable, and he has still the right,
in any stage of a suit against him, to point out corporate
property, and to a stay until a levy and sale can be made,
and the proceeds realized, if any, are to be applied to the
payment of the claim, and execution can be issued only for
the balance.   (§ 1173, *supra*, and § 1174.)   These require-
ments have not been complied with, in proceeding against
the defendants, no judgment has been obtained against the
company for the demand, to recover which this action is
brought, or against the defendants in this action as stock-
holders or otherwise, nor for dissolution of the corporation.
In *Lowry* v. *Inman* (46 N. Y., 120), the charter of the
Bank of Georgia, of which the defendant was a stockholder,
provided that the individual property of the stockholders
should be liable; and it was held that the liability was modi-
fied and limited by the statute creating the corporation, that
the charter created no right and imposed no obligation dis-
connected with the prescribed remedy which was local in
its character and could not be enforced without the State,
and that a foreign tribunal could not enforce it.   The rule
is no doubt well understood that where the remedy is a
statutory one, and a new right given and specific relief pre-
scribed for a violation of such right, the remedy is confined
to that which the statute gives.   Having this principle in
view, it is by no means apparent upon what ground this
action can be upheld.

It is insisted that the liability is an original one, as of part-
ners, and that the obligation was incurred upon the credit
of the company, and also upon the individual liability of the
stockholders, which was assumed by them voluntarily.   This
position, we think, is not tenable.   The creation of such a
liability was under a statute and subject to all its conditions
and requirements, and hence there is no valid reason for the

claim made, that it can be enforced without these limitations. The remedy given is modified and restricted in its operation, and cannot be extended by a latitudinarian construction embracing a more extended liability than was originally contemplated by the Legislature. Statutes of this character must be confined in their interpretation to their real meaning, and cannot be enlarged so as to include cases which are not within their spirit or intent.

The case of *Corning* v. *McCullough* (1 N. Y., 47), is not, we think, in conflict with the views expressed; nor do we think that there is anything in the opinion in *Wiles* v. *Suydam* (64 N. Y., 176), and *Douglass* v. *Ireland* (73 id., 100)— both of which involved a question of liability for a failure to comply with the provisions of a statutory enactment — which sustains the doctrine that the statute is not to be pursued in suits against stockholders, or that the liability may be extended to stockholders as copartners, where the organization of the company is made according to law, and without any such departure from the statute as renders the stockholder personally liable by reason thereof. There is no ground for holding the stockholder liable as a partner under the circumstances of this case; and no reported case holds that a stockholder is liable under the statute until the remedy provided by law against the corporation has been pursued. The liability of a stockholder is not primary, but a conditional liability; and until that condition has been fulfilled, the stockholder cannot be called upon to respond and pay the debt out of his individual property.

Other questions are raised, but those already discussed dispose of the case, and therefore an examination of them is not required.

The judgment was wrong, for the reason stated, and must be reversed and a new trial granted, with costs to abide the event.

All concur, ANDREWS, J., concurring on second ground.

Judgment reversed.