# CHARLESTON.

SWING *v.* BENTLEY & GERWIG FURNITURE CO.

Submitted June 16, 1898—Decided November 23, 1898.

1. CORPORATIONS—*Foreign    Corporation—Dissolution—Trustees—Actions.*

    A receiver, trustee, or assignee of a dissolved foreign corporation, appointed in the state of its domicile, may institute in the courts of this State suits in his own or the corporate name for debts or claims due such corporation.   (p. 285).

2. CORPORATIONS—*Foreign   Corporation — Receivers—Appointment of Receivers.*

    Circuit courts of this State are authorized by sections 58, 59, chapter 53, Code, in proper cases therein set forth, to appoint receivers for and wind up the affairs of foreign corporations who have done business, acquired property, and contracted debts in this State.   The law on this subject as propounded in the case of *Nimick* v. *Iron Works Co.*, 25 W. Va., 184, has been superseded by chapter 39, Acts 1885.   (p. 286).

3. CORPORATIONS —*Foreign Corporation—Insurance Premiums —Recovery.*

    Before a receiver or a trustee of a dissolved foreign corporation can recover on a premium note a *quasi ex parte* assessment, he must show that the conditions precedent to such recovery contained in such note have been fully satisfied.   (p. 287).

Error to Circuit Court, Wood County.

*Assumpsit* by James B. Swing, trustee, against the Bentley & Gerwig Furniture Company.   There was a judgment for defendant, and plaintiff brings error.

*Reversed.*

J. W. Vandervort, for plaintiff in error.

Van Winkle & Ambler, for defendant in error.

Dent, Judge:

On the 23d day of July, 1897, James B. Swing, trustee of the creditors and stockholders of the Union Mutual Fire Insurance Company of Cincinnati, Ohio, in the Circuit Court of Wood County instituted an action of *assumpsit* against the Bentley & Gerwig Furniture Company on the following note: "In consideration of the policy No. 1,067, dated the first day of October, 1898, we promise to pay the Union Mutual Fire Insurance Company of Cincinnati, Ohio, the sum of four hundred and sixty-four dollars and sixty cents ($464.60), by such installments and at such times as the directors of said company shall assess and order, pursuant to the charter and by-laws thereof, and it is expressly agreed that this note is not transferable, and the liability is only for the losses and expenses incurred by the said company, and that no liability is incurred beyond the face amount thereof. (The secretary is authorized to insert the number and date in this note, and, in event of renewal or reissue, to change number and date to that of the new policy). Cincinnati, Ohio, August 10th, 1888. Bentley & Gerwig Furniture Company"—for the purpose of recovering a special assessment of one hundred and eighty-five dollars and eighty-four cents, balance on said note, made by him by virtue of the laws of Ohio, and under the supervision of the supreme court thereof, in certain proceedings therein pending for the final dissolution and winding up of the affairs of such Union Mutual Fire Insurance Company. The defendant demurred to the plaintiff's declaration, the circuit court sustained the same, and, plaintiff not wishing to amend, the case was dismissed. Plaintiff obtained a writ of error.

The defendant insists that the demurrer was properly sustained for two reasons: (1) Because the plaintiff, being the legally appointed receiver or trustee of a foreign corporation, could not sue in the courts of this State, but was confined to the state of his appointment. (2) The declaration did not show a sufficient cause of action. As

to the first of these objections, the law is now settled by an irresistible preponderance of authority that a receiver, trustee, or assignee of a foreign corporation, with general powers over the property of such corporation, has the right, by virtue of the comity existing between the various states of this Union, to sue for any debt, claim, or property owing to or belonging to such corporation.    Such receiver, trustee, or assignee, being clothed with the full powers of such corporation, and the right to exercise them in so far as is necessary to wind up its affairs, is the sole legal representative thereof, with full authority to reduce to possession the corporate property wherever found. This principle is admitted as settled law in the case of *Grogan* v. *Egbert*, 44 W. Va., 75, (28 S. E. 714).    Defendant's counsel in his brief fails to produce authority justifying a change in opinion on the subject.    The same comity should be shown to the citizens of Ohio, at least, as that state extends to citizens of other states.    In the case of *Bank* v. *McLeod*, 38 Ohio St., 174, the law of Ohio is recognized as above stated.    On page 184 Judge Johnson says: "The distinction is drawn between the case of a receiver acting under the inherent force of his appointment alone, and a case where, by the terms of his appointment, he is directed to gather the assets wherever found.    The power of a court to confer such authority on a receiver is not limited to property found within the state where he is appointed.    It is not necessary that the property should be within the jurisdiction of the court.    Thus, the courts of England have appointed receivers to manage landed property in India, Canada, China, Ireland, and South American states and other places.    2 Daniell, Ch. Pl. & Prac., *1731, and cases cited.    So, on principles of comity, the aid of a New Jersey court was extended to a foreign receiver to obtain possession of property, as against the officers of a corporation of which he was receiver, who may be endeavoring by fraud or subterfuge to withhold it.    *Bidlack* v. *Mason*, 26 N. J. Eq., 230.    *    *    * Great reliance is placed on the remarks of Mr. Justice Wayne in deciding the case of *Booth* v. *Clark*, 17 How., 334, where it is said 'that the receiver's right to the possession of the property is limited to the jurisdiction of his appointment.'    This and

other remarks of the learned judge are termed dicta when applied to cases like the present. *Hurd* v. *City of Elizabeth*, 4 N. J. Law, 41; *Ex parte Norwood*, 3 Biss. 512, Fed. Cas. No. 10, 364." Authorities sustaining this conclusion are so numerous that it is useless to repeat them here, as it has already become text-book law. The case of *Nimick* v. *Iron Works Co.*, 25 W. Va., 184, is referred to and relied upon. The decision in that case was to the effect that a general suit to settle up the affairs of a foreign corporation and assess liabilities against the stockholders must be brought in the state of its domicile or origin, as such settlement must be had in accordance with the law of its creation and charter, which could not be enforced in this State. The decision which was rendered November 29, 1884, was superseded by chapter 39, Acts 1885, which gave the circuit courts of this State jurisdiction to appoint receivers for and wind up the affairs, in proper cases therein set forth, of foreign corporations who have done business, acquired property, and contracted debts in this State. See sections 58, 59, c. 53, Code. By virtue of these sections suits may be brought in the name of dissolved corporations, foreign and domestic, so far as necessary or proper "for collecting the debts and claims due to the corporation, converting its property and assets into money, prosecuting and protecting its rights, enforcing its liabilities and paying over and distributing its property and assets, or the proceeds thereof, to those entitled thereto."

2. The defendant further insists that the declaration fails to show a good cause of action in that it is for an assessment made by a foreign receiver of a foreign corporation, under the supervision of a foreign court without jurisdiction, and whose decree sued on is not properly set forth. The suit is an action of *assumpsit*, on a conditional note, and not on the decree of the court. The plaintiff alleges that the assessment was legally made by him under the laws of the state of Ohio "in order to pay the just losses and expenses of the said Union Mutual Fire Insurance Company and the expenses of winding up its affairs according to law;" that the same was reported to and approved by the court of his appointment, and he directed to collect the same. These are allegations showing the

legality of the assessment, and therefore its binding char-
acter on the defendant.   This assessment, thus made in
its absence, being personal in its nature, has the same
binding force and effect on it as made by the corporation
itself if not dissolved.   The trustee, under the supervision
of the court, was clothed with the full power of the corpor-
ation so far as necessary to close up its business.   There-
fore it devolves upon the receiver to allege and prove that
such assessment so made by him is fully covered by the
note sued on.   The defendant objects that the declaration
does not exhibit the losses and expenses, and show ex-
plicitly what they were.   This, of course, could have been
done, but it is not absolutely necessary, to make the dec-
laration good under section 29, chapter 125, Code, but
is matter that the plaintiff must show by his proof as a
condition precedent to his right to recover.   Mor. Priv.
Corp. § 158.   The allegation is general, but the proof
must be specific.   The corporation, having been dissolved
at the time of the assessment, could hardly be held in ex-
istence and representative of the defendant so as to render
the order confirming the assessment conclusive as to it in
its absence.   Hence the burden is not cast on him of show-
ing that the assessment was unjust and contrary to his
obligation or undertaking but it devolves on the plaintiff to
establish his right of recovery.   This is not a general as-
sessment upon unpaid stock on all stockholders, as in the
case of *Hawkins* v. *Glenn*, 131 U. S., 319, (9 Sup. Ct., 739),
and other cases of similar character relied on by plaintiff,
but it is a specific assessment on a note limited by express
agreement to the "losses and expenses incurred by the
company."   If the company itself had made the assess-
ment, although the same rules so far as applicable govern
in both characters of cases, it would have been bound to
show, on resistence of payment thereof, that it was within
the liability covered by the note, as the proof of the same
is wholly within its power.   Such being the case as to the
company, its trustee could have no greater power.   Nor
does it entail any hardship upon him, as all the proofs are
in his hands and under his control.   This, however, is a
question of proof, and does not arise on demurrer; which
admits the truth of the allegations contained in the declar-

ation.   These appear to be sufficient to justify a recovery, if sustained by proof.   The judgment of the circuit court is reversed, the demurrer overruled, and the case is remanded for further proceedings according to law.

*Reversed.*