# CHARLESTON.

## Prichard & Co. v. Critchlow.

### (South Penn Oil Company, Garnishee.)

Submitted June 6, 1904—Decided December 20, 1904.

1.  ATTACHMENTS—*Junior and Senior, When Stay Should be Had.*
    Proceedings on junior attachments against a garnishee should be stayed until proceedings on senior attachments against the same garnishee are determined, unless the amount garnisheed is sufficient to satisfy both sets of attachments. (p. 550).

2.  ATTACHMENTS.—*Jurisdiction of Circuit Courts.*
    Several attachments are sued out in Greene county, Pa., and

served on a garnishee, a subsequent attachment is sued out in Marion county, W. Va., by a different plaintiff, against the same defendant, and served on the same garnishee, the question is presented in each of such attachment suits as to which attachments are entitled to priority under the statute of Pennsylvania. As a matter of comity and to avoid confusion and conflict of decisions to the detriment of the garnishee, the proceedings under the jurisdiction of the courts of this State should be stayed until the matter of priority is settled by the courts of Pennsylvania having jurisdiction thereof. (p. 549).

Error to Circuit Court, Marion County. ·

Action by F. A. Prichard & Co. against Samuel Critchlow, in which the South Penn Oil Company was garnished. From the judgment, plaintiffs bring error.

*Reversed.*

W. S. MEREDITH, for plaintiffs in error.

A. B. & R. F. FLEMING and U. N. ARNETT, for defendants in error.

DENT, JUDGE:

F. A. Prichard & Company, sued out an attachment on the 30th day of October, 1900, against Samuel Garlow for the sum of $2,353.26, in the intermediate court of Marion county, and had the same served forthwith on the South Penn Oil Company as garnishee.

The garnishee filed several answers and amended answers, setting up the fact that it was a corporation of the state of Pennsylvania, that it was indebted to the defendant in said state of Pennsylvania, where said debt was contracted and payable, to the amount of $796.71, which it was ready and willing to pay over according to the direction of the court, that W. G. Phillips had instituted suit on the 19th day of October, in the Common Pleas Court of Green county against the same defendant for the sum of $673.34, and had an attachment issued, and forthwith placed in the hands of the sheriff of said county to be levied, that James Phillips had done likewise for the sum of $292.00. That on the 20th day of October, 1900, Ingraham had done likewise for the sum of $419.38½, that Charles Ligne had done likewise for the sum of $385.00; that Lidecker Tool Company had done likewise for the sum of $624.00; that on the

2nd day of November, 1900, all said last named attachments were served on the garnishee.

With its answers the garnishee filed exemplifications of the records of such suits, which clearly show the issuance and service of the attachments as alleged and also that the garnishee has filed answers to such last mentioned attachments, setting up the service and pendency of the writ of attachments in this suit.

The intermediate court of Marion county, being of the opinion that the plaintiff's attachment, although issued last, having been first served on the garnishee, was entitled to priority over the Pennsylvania attachments, although they were issued and placed in the hands of the officer first, but were last in service on the garnishee, and gave judgment in favor of the plaintiff.

The garnishee appealed to the circuit court and that court being of the opinion that as the statute of Pennsylvania fixed the priorities according to the time the attachments were placed in the hands of the officer for service and not when served, that this gave the Pennsylvania attachments priority, reversed the judgment, and dismissed the plaintiff's attachment.

The judgment of the circuit court appears to be premature. By its own ascertainment, the common pleas court of Pennsylvania first had jurisdiction of this controversy, and being first in time should have been permitted to adjudicate the same, and the circuit court of the State should have awaited such adjudication. If prior jurisdiction were in doubt, as the question involved the construction of the Pennsylvania statute on attachments, as a matter of comity and to save confusion in and conflict of decisions to the detriment of litigants, such doubt should be resolved in favor of the Pennsylvania tribunal. The court of that state should construe its own statutes and the courts of this state are bound by such construction. Otherwise endless confusion would result. *Nimich* v. *Mingo Iron Works,* 25 W. Va., 184. It is true that the courts of Pennsylvania have apparently settled the law in accordance with the contention of the garnishee, to-wit, that the lien of the attachment begins at the time it is placed in the hands of the officer, and not at the time of the service on the garnishee. *Underhill* v. *Nice,* 174 Pa. 39; *Bank* v. *Hilgert,* 3 Pennypacker 440. The common please court has not yet passed on the attachments involved so as to bring them within the pale of these decisions, and has

rendered no judgment against the garnishee. Hence the garnishee is not in a position to plead such attachments in bar of the plaintiff's attachment, nor should the circuit court dismiss the plaintiff's attachment until such plea is available, and is filed, but should stay proceedings on the plaintiff's attachment until the prior attachments are disposed of and ended. 14 Am. & En. En. Law (2d Ed.) 870.

"The fact that prior garnishment proceedings are pending against the garnishee, is not ground for discharging the garnishee in the subsequent proceedings, as he may not eventually be charged in the prior proceedings to the full extent of his indebtedness to the defendant, or in fact may not be charged at all therein." *Id.*

The circuit court having reached the conclusion that the common pleas court had prior jurisdiction of the property in controversy, should have left the determination of both the law and facts to that court, and should have continued the plaintiff's attachment to await such determination, as the garnishee showed by its answer that it was endeavoring to have the questions involved decided by that court.

For these reasons the judgment is reversed, and the case remanded.

*Reversed.*